UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOHN T. KEMP,

    Plaintiff,

v.

SELECT PORTFOLIO, INC. (SPS),
LASALLE BANK NATIONAL
ASSOCIATION, TRUSTEE FOR
LEHMAN BROTHERS STRUCTURED
ASSET INVESTMENT LOAN TRUST
SAIL 2005-2, and DOES 1-50,
inclusive,

    Defendants.

Civil No. 18-17215 (NLH/JS)

OPINION

**APPEARANCES:**

JOHN T. KEMP
1316 KINGS HIGHWAY
HADDON HEIGHTS, NJ 08035

    *Appearing pro se.*

CHARLES W. MILLER, III
BEN ZEV RAINDORF
ROBERT D. BAILEY
PARKER IBRAHIM & BERG LLP
270 DAVIDSON AVENUE
SOMERSET, NJ 08873

    *Attorneys for Defendants.*

**HILLMAN**, District Judge

    This case concerns various federal and state statutory and state common law claims stemming from the foreclosure and ordered Sheriff's Sale of Plaintiff's residence.  Currently

before the Court is Defendants' Motion to Dismiss. For the reasons discussed herein, Defendants' Motion to Dismiss will be granted.

## BACKGROUND

The Court takes its facts from the allegations in Plaintiff's Complaint. It appears Plaintiff owned a residential home at 120 Chestnut Street, Audubon, NJ 08106 (the "Property"). Plaintiff's home was subject to a mortgage (the "Mortgage"). Although it is unclear the role of each Defendant, Plaintiff alleges each Defendant was involved in some manner with the issuing, servicing, or transferring of the Mortgage. At some point, one of the defendants initiated foreclosure proceedings in the New Jersey Superior Court, Chancery Division, Camden County, final judgment was rendered, Plaintiff's residence was foreclosed upon, and a Sheriff's Sale was ordered.

Plaintiff's Complaint is not a model of clarity as to which claims he actually wishes to have adjudicated and which violations he notes as background. Regardless, the Court will note here the claims it believes are at issue as faithfully as possible. Plaintiff claims the following: (1) a violation of 24 C.F.R. § 3500.10, a regulation implementing the Unfair, Deceptive or Abusive Acts and Practices (the "UDAP"); (2) a request for declaratory and injunctive relief finding the mortgage void, keeping the Property in his name, and halting the

Sheriff's Sale; (3) a request for punitive damages, the legal basis of which is unclear; (4) a violation of the UDAP, 15 U.S.C. § 45(a)(1) and the Fifth Amendment of the United States Constitution; (5) violations of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1601, et seq.; (6) predatory lending;[1] and (7) quiet title. The corresponding relief requested includes compensatory, special, treble, and punitive damages as well as the declaratory and injunctive relief noted supra.

On May 24, 2019, Plaintiff filed a letter with this Court suggesting that he had entered Chapter 13 Bankruptcy. On July 3, 2019, this Court filed an Order requesting the parties to file letters with the Court advising it of what effect, if any, this had on Defendants' Motion to Dismiss. Plaintiff filed a letter on July 10, 2019 and Defendants filed a letter on July 15, 2019. The Court also construed Plaintiff's May 24, 2019 letter as opposition[2] to Defendants' Motion to Dismiss and as a separate request for injunctive relief. The Court ordered, in

---

[1] Plaintiff does not provide a common law, statutory, or regulatory source for this claim, instead relying on a definition allegedly published by the "Office of Comptroller of the Currency." (Pl.'s Compl. ¶ 44.)

[2] The Court notes Defendants object to the timeliness of Plaintiff's opposition, which they assert is four months late. Based on the analysis, infra, the Court finds this argument is moot.

the same July 3, 2019 Order, that Defendants file a reply to Plaintiff's opposition. Defendants did so on July 17, 2019. Accordingly, the matters before the Court are fully briefed and ripe for adjudication.

## ANALYSIS

### A. Subject Matter Jurisdiction

This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1367.

### B. The Effect of Plaintiff's Suggestion of Bankruptcy

As discussed supra, Plaintiff filed a letter with the Court on May 24, 2019 stating that he had filed for Chapter 13 Bankruptcy. Thereafter, the Court asked the parties to brief the issue of whether Plaintiff's suggestion of bankruptcy would have an effect, if any, on the continued litigation of the matter presently before the Court. Both Plaintiff and Defendants filed a letter with the Court.

Plaintiff's letter discusses many specifics about this case, his current bankruptcy proceeding, and his previous bankruptcy proceedings but does not directly address the issue of the current bankruptcy case's effect on this litigation. Plaintiff stated: "As to the effect that my Bankruptcy filing may have on this case, I am unsure as I am also seeking representation for Bankruptcy court." (Pl.'s July 10, 2019 Letter 2.)

Defendants contend that Plaintiff's bankruptcy case has no effect on this case because any automatic stay triggered by Plaintiff's bankruptcy does not apply to an action brought by a plaintiff-debtor. The Court finds Defendants are correct.

The automatic stay only applies to:

> the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding <u>against</u> the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title[.]

11 U.S.C. § 362(1) (emphasis added). Clearly, because there are no claims pending against Plaintiff - the debtor - in this action, it is not subject to the automatic stay. Case law cited by Defendants also supports this proposition. See <u>Mar. Elec. Co. v. United Jersey Bank</u>, 959 F.2d 1194, 1204 (3d Cir. 1991) (stating the language of Section 362 clearly states the automatic stay does not apply to actions brought by a debtor which could inure to the benefit of the bankruptcy estate); <u>Ass'n of St. Croix Condo. Owners v. St. Croix Hotel Corp.</u>, 682 F.2d 446, 448 (3d Cir. 1982) ("Section 362 by its terms only stays proceedings <u>against</u> the debtor." (emphasis in original)).

Accordingly, the Court finds the automatic stay does not apply to this case. Because the automatic stay does not apply, the Court finds it is permissible to consider Defendants' Motion to Dismiss.

**C.    Motion to Dismiss Standard**

Defendant has brought, in part, a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  A motion under Rule 12(b)(1) "'attacks the right of a plaintiff to be heard in Federal Court.'"  Doughty v. U.S. Postal Serv., 359 F. Supp. 2d 361, 364 (D.N.J. 2005) (quoting Cohen v. Kurtzman, 45 F. Supp. 2d 423, 428 (D.N.J. 1999)).  There are two types of Rule 12(b)(1) motions: one which presents a "facial challenge" and one which presents a "factual challenge."  See Constitution Party of Pa. v. Aichele, 757 F.3d 347, 358 (3d Cir. 2014) (citing In re Schering Plough Corp. Intron, 678 F.3d 235, 243 (3d Cir. 2012)); Petruska v. Gannon Univ., 462 F.3d 294, 302 n.3 (3d Cir. 2006) (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)).

If a motion to dismiss presents a "facial attack," a court must assume the allegations in a complaint are true and may only dismiss claims when the pleadings fail to present an action within a court's jurisdiction.  Mortensen, 549 F.2d at 891.  "[I]n that respect such a Rule 12(b)(1) motion is similar to a Rule 12(b)(6) motion."  Petruska, 462 F.3d at 302 n.3 (citing Mortensen, 549 F.2d at 891).  By contrast, when the motion to dismiss presents a factual attack,

> there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.  In short, no

6

> presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.

Mortensen, 549 F.2d at 891; see also Aichele, 757 F.3d at 358 (explaining differences between a facial and factual attack under Rule 12(b)(1)).

"The precise form of the challenge under 12(b)(1) is significant because, as set forth above, the standard of review for a facial and factual attack 'differs greatly.'" Doty v. United States, No. 15-3016 (NLH), 2016 WL 3398579, at *2 (D.N.J. June 15, 2016) (citing Mortensen, 549 F.2d at 891)). Here, it is clear that Defendants have presented a facial attack. Defendants argue, assuming the veracity of Plaintiff's allegations, the Court is without subject matter jurisdiction.

**D. Defendants' Motion to Dismiss**

Defendants present eight separate arguments as to why Plaintiff's Complaint should be dismissed. Generally, those arguments can be broken down into the following categories: (1) res judicata, including New Jersey's entire controversy doctrine, (2) the Rooker-Feldman doctrine, (3) abstention doctrines including Colorado River and Younger, and (4) specific arguments as to why certain counts fail to state a claim for which relief can be granted. The Court will only address

7

Defendants' argument on the Rooker-Feldman doctrine, as a decision on these grounds moots Defendants' remaining arguments.

The Rooker-Feldman doctrine "strips federal courts of jurisdiction over controversies 'that are essentially appeals from state-court judgments.'" Williams v. BASF Catalysts LLC, 765 F.3d 306, 315 (3d Cir. 2014) (quoting Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 165 (3d Cir. 2010)). In other words, the Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments before the district court proceedings commenced and inviting district court review and rejection of those judgments." Id. (quoting Lance v. Dennis, 546 U.S. 459, 464 (2006)).

Four elements must be met: "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state court [judgment]; (3) [that judgment was] rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state [judgment]." Great W. Mining, 615 F.3d at 166. These four elements are met here.

First, the Court addresses whether Plaintiff lost in state court. According to Plaintiff's Complaint, it appears Plaintiff lost in state court because final judgment was entered granting a claim of foreclosure and ordering a Sheriff's Sale. (Pl.'s

8

Compl. ¶¶ 8, 30-31, 34.) The first element is satisfied. Second, the Court addresses whether Plaintiff complains of injuries caused by the state court judgment. Plaintiff's request for injunctive relief claims he will suffer irreparable harm if the underlying judgment is maintained. (Pl.'s Compl. ¶¶ 33-35.) Moreover, Plaintiff's request for damages appear to stem from the grant of the foreclosure claim and the order to commence a Sheriff's Sale. Thus, the second element is satisfied.

Third, the Court addresses whether the underlying judgment was rendered before the present suit was instituted. It was, as Plaintiff's Complaint makes repeated references to the final judgment in the state court action. The third element is satisfied. Fourth, the Court addresses whether Plaintiff requests this Court to revisit and reject the underlying judgment. It undoubtedly does. Not only does Plaintiff specifically request this Court to declare the underlying judgment was incorrect (Pl.'s Compl. ¶¶ 28-32), stop any foreclosure proceeding and the Sheriff's Sale, he also request the Court to quiet title and place title to the Property back in his name (Pl.'s Compl. ¶¶ 8-13). Moreover, Plaintiff's claims under the UDAP, the FDCPA, and for predatory lending constitute a collateral attack on the underlying judgment. To find in Plaintiff's favor here would undoubtedly challenge the factual

determinations of the state court and would require this Court to find that foreclosure was inappropriate. The fourth element is satisfied.

The Court finds that the Rooker-Feldman doctrine applies. Even though it does, the Court must also address Plaintiff's contention that this action falls within a narrow exception to the Rooker-Feldman doctrine. Specifically, Plaintiff asserts the following: "I believe there are exceptions to the Rooker-Feldman doctrine, which essentially allow for the Federal District Court to render a decision, especially when fraud and misrepresentation was used to obtain a State Court ruling." (Pl.'s May 24, 2019 Letter 2 (underlining added).) Defendants counter that this Court rejected this argument in similar circumstances.

The Court finds this case does not fall within the so-called fraud exception to the Rooker-Feldman doctrine for two reasons. First, the fraud exception has not yet been explicitly recognized within the Third Circuit. Davis v. Kahn, No. 18-8560, 2019 U.S. Dist. LEXIS 69408, at *12-13 (D.N.J. Apr. 24, 2019). Second, even assuming its viability, Plaintiff's objections do not fall within the fraud exception. Like in Davis, "[a]t the core of each of Plaintiff[ Kemp's] claims is the allegation that documents submitted to, and relied upon by, the courts in these prior . . . proceedings are fabricated."

10

Id. at *5.  In that scenario, "[t]he fraud exception to the Rooker-Feldman Doctrine does not protect a plaintiff's 'attempt[] to overturn a state-court foreclosure judgment by cloaking his objections to the [state-court] decision in a veneer of fraud.'"  Id. at *13 (quoting Kajla v. Cleary, No. 18-15449, 2019 U.S. Dist. LEXIS 61, at *9 (D.N.J. Jan. 2, 2019)) (alterations in original).  The Court finds the same reasoning applies here and therefore that it does not possess subject matter jurisdiction over Plaintiff's claims.  As a result, the Court will grant Defendants' Motion to Dismiss on these grounds and finds Defendants' remaining arguments are moot and need not be analyzed.[3]

**CONCLUSION**

For the foregoing reasons, this Court will grant Defendants' Motion to Dismiss.  The Court will direct the Clerk to mark this matter as closed.

An appropriate Order will be entered.


Date: July 26, 2019              s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

---

[3] The Court notes for the record that Plaintiff brought a similar case against substantially the same parties in 2017 before Judge Robert B. Kugler and it was also dismissed on Rooker-Feldman grounds.  Kemp v. Select Portfolio Servicing, Inc., No. 17-314 (RBK/JS), 2017 U.S. Dist. LEXIS 103904 (D.N.J. July 6, 2017).

11